**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KHALEA EDWARDS, | ) | |
| ARKAYLA HOWARD-TENNEY, | ) | |
| NIDHI KRISHNAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1156 |
| | ) | |
| CITY OF FLORISSANT, | ) | |
| MISSOURI | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      Since mid-June, regular non-violent protests have been conducted outside the police department in Florissant. Protests across the nation have focused on issues of police brutality and racial injustice following the murder of George Floyd by a Minneapolis police officer while other officers did nothing to intervene. While protests continued, a Florissant police officer was caught on video using violent force against a man and the officers' comrades failed to intervene. Until the videos were disclosed, Florissant's police officers falsely reported what had occurred to cover up their criminal conduct.

2.      Plaintiffs have participated in Florissant protests; however, they are apprehensive about participating in future protests there because of the police department's enforcement and threatened enforcement of obstruction, unlawful assembly, and/or refusal to disperse ordinances in ways that they understand put them at risk of arbitrary arrest without notice. These ordinances, individually and together, have been and continue to be applied arbitrarily such that Plaintiffs and

1

others participating in protests reasonably fear arrest if they participate in protests in Florissant even absent any intent to engage in civil disobedience.

3.      In this civil-rights action, Plaintiffs seek injunctive relief against the City of Florissant, enjoining Florissant from enforcing (a) its obstruction ordinance; (b) its unlawful assembly ordinance based on a purported violation of the obstruction ordinance or when the persons against whom it would be enforced are engaged in expressive activity, unless the persons are acting in concert to pose an imminent threat to use force or violence or to violate a criminal law with force or violence; and (c) its refusal to disperse ordinance to the extent  the purported unlawful assembly from which dispersal is ordered is declared in violation of the injunction. The ordinances violate the free speech and freedom of assembly clauses of the First Amendment and the due process clause of the Fourteenth Amendment.

## PARTIES

4.      Plaintiff Khalea Edwards is a citizen of Missouri who resides in St. Louis, Missouri.

5.      Plaintiff Arkayla Howard-Tenney is a citizen and resident of Illinois.

6.       Plaintiff Nidhi Krishnan is a citizen of Missouri who resides in St. Louis, Missouri.

7.      Defendant, City of Florissant, Missouri, is a municipal corporation and political subdivision of the State of Missouri.

## JURISDICTION AND VENUE

8.       Plaintiffs bring these claims pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

9.      The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because Plaintiffs' action arises under the Constitution of the United States.  In addition, this Court has

original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) to redress the deprivation of rights secured by the Constitution of the United States.

10.     Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in St. Louis County, Missouri.

11.     Divisional venue is proper in the Eastern Division because the events leading to the claim for relief arose in St. Louis County and the claim for relief itself arose in St. Louis County. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

## Facts

## Policies and Customs

12.     Certain policies of the City of Florissant are embodied in the Code of Ordinances of the City of Florissant and the City of Florissant's Charter.

13.     The City of Florissant enacted its ordinances pursuant to § 71.943 of the Revised Statutes of Missouri.

14.     Section 5.8 of the City of Florissant's Charter mandates that the City of Florissant have a police department that shall have all of the powers conferred by ordinance.

15.     Section 210.720 of the Code of Ordinances of the City of Florissant, entitled "Obstructing Public Places," states:

A. *Definition.* The following term shall be defined as follows:

**PUBLIC PLACE**
Any place to which the general public has access and a right of resort for business, entertainment or other lawful purpose, but does not necessarily mean a place devoted solely to the uses of the public. It shall also include the front or immediate area of any store, shop, restaurant, tavern or other place of business and also public grounds, areas or parks.

B. It shall be unlawful for any person to stand or remain idle either alone or in consort with others in a public place in such manner so as to:

1. Obstruct any public street, public highway, public sidewalk or any other public place or building by hindering or impeding or tending to hinder or impede the free and uninterrupted passage of vehicles, traffic or pedestrians;

2. Commit in or upon any public street, public highway, public sidewalk or any other public place or building any act or thing which is an obstruction or interference to the free and uninterrupted use of property or with any business lawfully conducted by anyone in or upon or facing or fronting on any such public street, public highway, public sidewalk, or any other public place or building, all of which prevents the free and uninterrupted ingress, egress and regress, therein, thereon and thereto;

3. Obstruct the entrance to any business establishment, without so doing for some lawful purpose, if contrary to the expressed wish of the owner, lessee, managing agent or person in control or charge of the building or premises.

C. When any person causes or commits any of the conditions in this Section, a Police Officer or any Law Enforcement Officer shall order that person to stop causing or committing such conditions and to move on or disperse. Any person who fails or refuses to obey such orders shall be guilty of a violation of this Section.

16.     Section 210.690 of the Code of Ordinances of the City of Florissant, entitled "Unlawful Assembly," provides that "[a] person commits the offense of unlawful assembly if he/she knowingly assembles with six (6) or more other persons and agrees with such persons to violate any of the criminal laws of this State or of the United States with force or violence."

17.     Section 210.710 of the Code of Ordinances of the City of Florissant, entitled "Failure to Disperse," declares that "[a] person commits the offense of refusal to disperse if, being present at the scene of an unlawful assembly or at the scene of a riot, he/she knowingly fails or refuses to obey the lawful command of a Law Enforcement Officer to depart from the scene of such unlawful assembly or riot."

18.     Florissant's police department has a custom or policy of declaring or threatening to declare protests of police misconduct to be unlawful assemblies in the absence of an imminent

threat to use force or violence (other than by police) or a violation of a criminal law with force or violence.

19.     Florissant's police department has a custom or policy of arresting or threatening to arrest individuals for failure to disperse from purported unlawful assemblies in the absence of an imminent threat to use force or violence (other than by police) or a violation of a criminal law with force or violence.

**Protests**

20.     On May 25, 2020, George Floyd, a citizen of Minneapolis, was murdered by an officer of the Minneapolis Police Department as other officers stood by impotently. His murder was captured on video.

21.     The videos depicted Mr. Floyd pinned on the street, face down and increasingly unresponsive, while Derek Chauvin knelt on Mr. Floyd's upper back and neck, two other officers held him down, and another stood by.

22.     The videos were widely and rapidly disseminated around the world via social media and news media platforms. Mr. Floyd's murder became international breaking news.

23.     In the following days and nights, protests of the kind of excessive and arbitrary force used against Mr. Floyd and the tendency of officers' failure to intervene in the face of misconduct by colleagues spread across the world.

24.     In many cities the message that "Black Lives Matter" was painted on streets, sometimes at the direction of government officials and other times by protesters.

25.     Non-violent protests have been conducted through the St. Louis metropolitan area, nearly all without any threat or use of force by various police departments.

26.     On June 2, 2020, as protests continued, Florissant police officer Joshua Smith drove an unmarked police sports utility vehicle into a person he suspected might have committed a crime. Mr. Smith's victim fell to the ground, screaming in pain. Mr. Smith then exited the police vehicle and began hitting and kicking the injured victim. He arrested the victim, claiming the victim had resisted arrest.

27.     The other officers in Mr. Smith's vehicle failed to intervene or to report Mr. Smith's conduct.

28.     Police reports from the incident falsely claimed that Mr. Smith had swerved to avoid hitting his victim.

29.     Days later two videos of the incident emerged. Those videos showed that Mr. Smith had turned the police vehicle toward the victim and accelerated toward him.

30.     Since the videos have emerged, protesters have repeatedly and regularly gathered in front of Florissant's police department to express their views, which vary by individual but include that Black lives matter, the officers who failed to intervene or report Mr. Smith should be held accountable, and the incident is not an aberration but rather consistent with how police work is conducted by the City of Florissant.

31.     Protesters have at times painted the message "Black Lives Matter" on the street in front of the police department.

32.     Each time, the City of Florissant has caused or authorized the message to be covered by paint.

33.     As protests have occurred, police officers have aggressively confronted non-violent protesters, including by making shows of force, donning riot gear, threatening arrests,

using chemical munitions against non-violent protesters without warning, and arbitrarily arresting protesters for purported ordinance violations.

34.     The ordinances challenged here— §§ 210.690 (as applied by custom), 210.710 (as applied by custom), and 210.720 (on its face)—cause police officers in Florissant, both officers of the Florissant Police Department and officers from other departments acting in concert with them, to violate the First and Fourteenth Amendment rights of protesters.

35.     Enforcement and threatened enforcement of the challenged ordinances has a chilling effect on reasonable protesters.

36.     Each of the plaintiffs has repeatedly protested outside of Florissant's police department in June. Plaintiffs Tenney-Howard and Krishnan desire to protest in Florissant in the future.

37.     On multiple occasions over different days in June 2020 and on one day in July 2020, Plaintiff Edwards  witnessed police purport to declare an unlawful assembly or unlawful presence despite the absence of persons acting in concert to pose an imminent threat to use force or violence or to violate a criminal law with force or violence. On the evening of June 20, 2020, Plaintiff Edwards had witnessed police threaten to arrestprotesters for a purported obstruction of a public place, including in the absence of any obstruction.

38.     On June 27, 2020, Plaintiff Krishnan witnessed police in the process of arresting protesters after police officers purported to declare an unlawful assembly at which there was the absence of persons acting in concert to pose an imminent threat to use force or violence or to violate a criminal law with force or violence and after it was her reasonable understanding that protesters were given five minutes to disperse.

39.     On June 27, 2020, Plaintiff Tenney-Howard was arrested after hearing the police announce that the protesters "need to disperse" and that she had five minutes to disperse. She did not hear a declaration of an unlawful assembly. There was the absence of persons acting in concert to pose an imminent threat to use force or violence or to violate a criminal law with force or violence.

40.     Plaintiffs Edwards and Krishnan reasonably fear they will be arrested despite committing no crime if they return to Florissant to protest and, thus, have refrained from protesting in Florissant as they would otherwise for this reason only.

41.     Plaintiff Tenney-Howard was roughly arrested for purported ordinance violations on June 27 despite having committed no crime and posing no danger. She reasonably believes that returning to Florissant to protest puts her in danger of being further harmed by police officers, but she wants to return to engage in expressive conduct despite that risk.

### CAUSES OF ACTION

### COUNT I – Florissant Ordinance § 210.720
*Violation of the First and Fourteenth Amendments to the U.S. Constitution*
*Claim for Declaratory and Injunctive Relief*

42.     Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

43.     Plaintiffs engaged in constitutionally protected expression and assembly when at traditional public fora in Florissant.

44.     Plaintiffs have been chilled from engaging in constitutionally protected expression and assembly because they reasonably fear citation, arrest, and/or prosecution because of § 210.720.

45.     Fear of citation, arrest, and/or prosecution under § 210.720 would chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity.

46.     Section 210.720 directly infringes upon Plaintiffs' Free Speech and Free Assembly rights under the First Amendment to the Constitution, incorporated through the Fourteenth Amendment, because, on its face and as applied, it burdens substantially more speech than is necessary to achieve the City's legitimate interest in ensuring the safety and traversability of sidewalks and streets.

47.     Section 210.720 is neither narrowly tailored nor the least restrictive means to achieve any sufficiently strong government interest, and it does not leave open ample alternative channels for Plaintiffs to communicate.

48.     Section 210.720 burdens more speech than is necessary because it applies when there is no actual obstruction of sidewalks or streets.

WHEREFORE, Plaintiffs request that this Court, pursuant to 42 U.S.C. § 1983:

A.     Enter a declaration that § 210.720 of the Code of Ordinances of the City of Florissant violates the Free Speech and Free Assembly Clauses of the First Amendment to the United States Constitution, both on its face and as applied;

B.     Enter preliminary and permanent injunctions prohibiting Defendant from enforcing § 210.720 of the Code of Ordinances of the City of Florissant;

C.     Award Plaintiffs' costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and under other applicable law; and

D.     Grant any additional relief this Court finds just and equitable.

## COUNT II – Florissant Ordinance § 210.720
*Violation of the Due Process Clause of the Fourteenth Amendment*
*Claim for Declaratory and Injunctive Relief*

49.     Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

50.     If an ordinance fails to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits, such law is void-for-vagueness in violation of the Due Process Clause.

51.     The Due Process Clause requires that the legislature establish minimal guidelines to govern law enforcement in a manner that does not encourage arbitrary and discriminatory enforcement.

52.     Section 210.720 violates the Due Process Clause because it does not include any guidelines to govern law enforcement.

53.     Section 210.720 does not include a *mens rea* requirement.

54.     Section 210.720 contains the phrase "tending to hinder or impede." This language fails to provide notice to individuals as to what conduct is prohibited by the Ordinance because it is not clear how someone might "tend[] to hinder or impede."

55.     Section 210.720 fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited and authorizes and encourages arbitrary and discriminatory enforcement.

WHEREFORE, Plaintiffs request that this Court, pursuant to 42 U.S.C. § 1983:

A. Enter a declaration that § 210.720 of the Code of Ordinances of the City of Florissant violates the Due Process Clause of the Fourteenth Amendment to the

United States Constitution, both on its face and as applied, because it is void-for-vagueness;

B.   Enter preliminary and permanent injunctions prohibiting Defendant from enforcing § 210.720 of the Code of Ordinances of the City of Florissant;

C.   Award Plaintiffs' costs, including reasonable attorneys' fees under 42 U.S.C.§ 1988 and under other applicable law; and

D.   Grant any additional relief this Court finds just and equitable.

**COUNT III – Florissant Ordinance § 210.690**
*Violation of the First and Fourteenth Amendments to the U.S. Constitution*
*Claim for Declaratory and Injunctive Relief*

56.   Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

57.   Plaintiffs engaged in constitutionally protected expression and assembly when at traditional public fora in Florissant.

58.   Plaintiffs have been chilled from engaging in constitutionally protected expression and assembly because they reasonably fear citation, arrest, and/or prosecution because of § 210.690.

59.   Fear of citation, arrest, and/or prosecution under § 210.690 would chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity.

60.   The custom of permitting police officers to declare unlawful assemblies (Arbitrary Declarations Custom) under Section 210.690 in the absence of force or violence directly infringes upon Plaintiffs' Free Speech and Free Assembly rights under the First Amendment to the Constitution, incorporated through the Fourteenth Amendment, because it

unlawfully suppresses speech in an arbitrary manner, including when the ordinance is inapplicable.

61.    The use of the Arbitrary Declarations Custom under Section 210.690 in an arbitrary manner burdens speech and assembly because it is applied when there is an absence of an agreement to violate a criminal law with force or violence (other than by police) or a violation of a criminal law with force or violence.

WHEREFORE, Plaintiffs request that this Court, pursuant to 42 U.S.C. § 1983:

   A.   Enter a declaration that the Arbitrary Declarations Custom under § 210.690 of the Code of Ordinances of the City of Florissant violates the Free Speech and Free Assembly Clauses of the First Amendment to the United States Constitution;

   B.   Enter preliminary and permanent injunctions prohibiting Defendant from enforcing the Arbitrary Declarations Custom under § 210.690 of the Code of Ordinances of the City of Florissant and from enforcing § 210.690 of the Code of Ordinances of the City of Florissant in an arbitrary manner, including when there is no force or violence;

   C.   Award Plaintiffs' costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and under other applicable law; and

   D.   Grant any additional relief this Court finds just and equitable.

**COUNT IV – Florissant Ordinance § 210.690**
*Violation of the Due Process Clause of Fourteenth Amendment to the U.S. Constitution*
*Claim for Declaratory and Injunctive Relief*

62.      Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

63.      If a policy or custom fails to provide people fair notice as to when actions are likely to become unlawful, such policy or custom is unconstitutionally vague in violation of the Due Process Clause.

64.      If a policy or custom entrusts lawmaking to the momentary judgment of a police officer such policy or custom is unconstitutionally vague in violation of the Due Process Clause.

65.      The Arbitrary Declarations Custom under Section 210.690 involves police officers declaring an unlawful assembly even when there is no agreement to violate a criminal law with force or violence (other than by police) or a violation of a criminal law with force or violence.

66.      The Arbitrary Declarations Custom under Section 210.690 violates the Due Process Clause because it does not provide fair notice to people of what conduct is unlawful and permits officers to make arbitrary declarations of unlawful assembly.

67.      The Arbitrary Declarations Custom under Section 210.690 fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited and authorizes and encourages arbitrary and discriminatory enforcement.

WHEREFORE, Plaintiffs request that this Court, pursuant to 42 U.S.C. § 1983:

    A.  Enter a declaration that the Arbitrary Declarations Custom under § 210.690 of the Code of Ordinances of the City of Florissant violates the Due Process Clause

of the Fourteenth Amendment to the United States Constitution because it is void-for-vagueness;

B.  Enter preliminary and permanent injunctions prohibiting Defendant from enforcing the Arbitrary Declarations Custom under § 210.690 of the Code of Ordinances of the City of Florissant and from enforcing § 210.690 of the Code of Ordinances of the City of Florissant in an arbitrary manner, including when there is no force or violence;

C.  Award Plaintiffs' costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and under other applicable law; and

D.  Grant any additional relief this Court finds just and equitable.

**COUNT V – Florissant Ordinance § 210.710**
*Violation of the First and Fourteenth Amendments to the U.S. Constitution*
*Claim for Declaratory and Injunctive Relief*

68.  Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

69.  Plaintiffs engaged in constitutionally protected assembly and expression when at traditional public fora in Florissant.

70.  Plaintiffs have been chilled from engaging in constitutionally protected assembly and expression because they reasonably fear citation, arrest, and/or prosecution because of § 210.710.

71.  Fear of citation, arrest, and/or prosecution under § 210.710 would chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity.

72.  The custom of enforcing Unlawful Dispersal Commands under Section 210.710 due to the absence of force or violence directly infringes upon Plaintiffs' Free Speech rights

under the First Amendment to the Constitution, incorporated through the Fourteenth Amendment, because it unlawfully stifles assembly and speech in a discretionary manner, including when the ordinance is inapplicable.

73.    The custom of enforcing Unlawful Dispersal Commands under Section 210.710 burdens assembly and speech because it is applied in a discretionary manner, including when there is absence of an agreement to violate a criminal law with force or violence, which is an integral part of the offense of unlawful assembly (referenced in §210.690) as stated in § 210.710.

74.    The custom of enforcing Unlawful Dispersal Commands under Section 210.710 burdens assembly and speech because it is applied in a discretionary manner, including when there is absence of an agreement to violate a criminal law with force or violence (other than by police) or a violation of a criminal law with force or violence, which is an integral part of the offense of riot (referenced in §210.710) as stated in § 210.700.

WHEREFORE, Plaintiffs request that this Court, pursuant to 42 U.S.C. § 1983:

   A. Enter a declaration that the custom of using and enforcing Unlawful Dispersal Commands under § 210.710 of the Code of Ordinances of the City of Florissant when there is no force or violence violates the Free Speech Clause of the First Amendment to the United States Constitution;

   B. Enter a declaration that the custom of using and enforcing Unlawful Dispersal Commands under § 210.710 of the Code of Ordinances of the City of Florissant when there is no force or violence violates the Free Assembly Clause of the First Amendment to the United States Constitution;

   C. Enter preliminary and permanent injunctions prohibiting Defendant from enforcing the custom of using and enforcing Unlawful Dispersal

15

Commands under § 210.710 and from enforcing § 210.710 of the Code of

Ordinances of the City of Florissant in a discretionary manner, including

when there is no force or violence;

D.      Award Plaintiffs' costs, including reasonable attorneys' fees under 42

U.S.C. § 1988 and under other applicable law; and

E.      Grant any additional relief this Court finds just and equitable.

**COUNT VI – Florissant Ordinance § 210.710**
*Violation of the Due Process Clause of Fourteenth Amendment to the U.S. Constitution*
*Claim for Declaratory and Injunctive Relief*

75.      Plaintiffs incorporate the allegations set forth above as if set forth herein

verbatim.

76.      The policy or custom of enforcing Unlawful Dispersal Commands, when the

conditions required by §210.710 are not present is unconstitutionally vague in violation of the

Due Process Clause.

77.      The policy or custom must have a "greater degree of specificity" than normally

required because it is applied to individuals engaged in expressive activity protected by the First

Amendment.

78.      The policy or custom of enforcing Unlawful Dispersal Commands under Section

210.710 fails to provide people with sufficient notice as to what is permissible.

79.      If a policy or custom entrusts lawmaking to the momentary judgment of a police

officer such policy or custom is unconstitutionally vague in violation of the Due Process Clause.

80.      The policy or custom of enforcing Unlawful Dispersal Commands subjects

Plaintiffs to arbitrary arrest under Section 210.710.

81.     The policy or custom of enforcing Unlawful Dispersal Commands under Section 210.710 violates the Due Process Clause because it is applied when the conditions of the ordinance are not present as it is not limited to situations an agreement to violate a criminal law with force or violence (other than by police) or a violation of a criminal law with force or violence, which is an integral part of Section 210.710, does not provides sufficient notice as to what conduct is permissible, and subjects individuals to arbitrary arrest.

WHEREFORE, Plaintiffs request that this Court, pursuant to 42 U.S.C. § 1983:

A.  Enter a declaration that the policy or custom of enforcing Unlawful Dispersal Commands under § 210.710 of the Code of Ordinances of the City of Florissant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it is void-for-vagueness;

B.  Enter preliminary and permanent injunctions prohibiting Defendant from enforcing the custom of using and enforcing Unlawful Dispersal Commands under § 210.710 and from enforcing § 210.710 of the Code of Ordinances of the City of Florissant in a discretionary manner, including when there is no force or violence;

C.  Award Plaintiffs' costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and under other applicable law; and

D.  Grant any additional relief this Court finds just and equitable.

Respectfully submitted,


/s/ Anthony E. Rothert
Anthony E. Rothert, #44827(MO)
Jessie Steffan, #64861(MO)
Kayla M. DeLoach, #72424 (MO)
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 669-3420
arothert@aclu-mo.org
jsteffan@aclu-mo.org
kdeloach@aclu-mo.org


Gillian R. Wilcox, #61278(MO)
ACLU of Missouri Foundation
406 West 34th Street, Ste. 420
Kansas City, MO 64111
Phone: (314) 652-3114
gwilcox@aclu-mo.org


Lisa S. Hoppenjans, #63890(MO)
First Amendment Clinic
Washington University in St. Louis
School of Law
Campus Box 1120
One Brookings Dr.
St. Louis, MO 63130
Phone: (314) 935-8980
lhoppenjans@wustl.edu


**ATTORNEYS FOR PLAINTIFFS**