**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KHALEA EDWARDS, )
ARKAYLA HOWARD-TENNEY, and )
NIDHI KRISHNAN, )
               )
     Plaintiffs, )
               )  Cause No.:  4:20-cv-1156-MTS
v. )
               )
CITY OF FLORISSANT, )
MISSOURI, )
               )
     Defendant. )

## DEFENDANT CITY OF FLORISSANT, MISSOURI'S ANSWER TO PLAINTIFFS' PETITION

COMES NOW Defendant City of Florissant, Missouri, (hereinafter "Defendant" or "Florissant") by and through the undersigned counsel of record, for its Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, states as follows:

## INTRODUCTION

1.     Since mid-June, regular non-violent protests have been conducted outside the police department in Florissant. Protests across the nation have focused on issues of police brutality and racial injustice following the murder of George Floyd by a Minneapolis police officer while other officers did nothing to intervene. While protests continued, a Florissant police officer was caught on video using violent force against a man and the officers' comrades failed to intervene. Until the videos were disclosed, Florissant's police officers falsely reported what had occurred to cover up their criminal conduct.

**RESPONSE:  Defendant admits that protests have occurred since June 2020 outside the vicinity of the police department in Florissant and other areas in Florissant, and that it**

**is aware of media accounts of the events regarding an individual identified as George Floyd. Defendant denies that these protests have all been non-violent.  Other than media accounts regarding national protests, Defendant lacks sufficient knowledge or information regarding the remaining allegations contained in Paragraph 1 concerning protests outside of Florissant sufficient to form a belief as to the truth of the allegations, and so therefore denies same. Defendant also denies the irrelevant, immaterial, and inflammatory allegations in Paragraph 1 concerning an incident unrelated to this action involving a Florissant police officer and the purported response to the incident by other Florissant police officers, therefore, such allegations should be stricken by the Court as permitted pursuant to Rule 12(f)(1), Federal Rules of Civil Procedure.  Any allegations in Paragraph 1 not expressly admitted herein are denied.**

2.      Plaintiffs have participated in Florissant protests; however, they are apprehensive about participating in future protests there because of the police department's enforcement and threatened enforcement of obstruction, unlawful assembly, and/or refusal to disperse ordinances in ways that they understand put them at risk of arbitrary arrest without notice. These ordinances, individually and together, have been and continue to be applied arbitrarily such that Plaintiffs and others participating in protests reasonably fear arrest if they participate in protests in Florissant even absent any intent to engage in civil disobedience.

**RESPONSE:  Defendant lacks sufficient knowledge or information regarding the activities of Plaintiffs to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies same.  Defendant denies that any act or omission on its part has had any effect on Plaintiffs' willingness to participate in protests in Florissant.  Defendant denies that its ordinances, either individually or together, have been or continue to be arbitrarily**

applied as to any individual, including the Plaintiffs.  Any allegations in Paragraph 2 not expressly admitted herein are denied.

3.      In this civil-rights action, Plaintiffs seek injunctive relief against the City of Florissant, enjoining Florissant from enforcing (a) its obstruction ordinance; (b) its unlawful assembly ordinance based on a purported violation of the obstruction ordinance or when the persons against whom it would be enforced are engaged in expressive activity, unless the persons are acting in concert to pose an imminent threat to use force or violence or to violate a criminal law with force or violence; and (c) its refusal to disperse ordinance to the extent  the purported unlawful assembly from which dispersal is ordered is declared in violation of the injunction. The ordinances violate the free speech and freedom of assembly clauses of the First Amendment and the due process clause of the Fourteenth Amendment.

**RESPONSE:  Paragraph 3 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 3 contains statements of fact or other allegations that require an answer, all allegations are denied.**

## PARTIES

4.      Plaintiff Khalea Edwards is a citizen of Missouri who resides in St. Louis, Missouri.

**RESPONSE:  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies same.**

5.      Plaintiff Arkayla Howard-Tenney is a citizen and resident of Illinois.

**RESPONSE:  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies same.**

6.      Plaintiff Nidhi Krishnan is a citizen of Missouri who resides in St. Louis, Missouri.

**RESPONSE:  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies same.**

## JURISDICTION AND VENUE

7.     Defendant, City of Florissant, Missouri, is a municipal corporation and political subdivision of the State of Missouri.

**RESPONSE:  Defendant admits the allegations contained in Paragraph 7.**

8.     Plaintiffs bring these claims pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

**RESPONSE:  Paragraph 8 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 8 contains statements of fact or other allegations that require an answer, all allegations are denied.**

9.     The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because Plaintiffs' action arises under the Constitution of the United States.  In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) to redress the deprivation of rights secured by the Constitution of the United States.

**RESPONSE:  Paragraph 9 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 9 contains statements of fact or other allegations that require an answer, all allegations are denied.**

10.    Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in St. Louis County, Missouri.

**RESPONSE:  Paragraph 10 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 10 contains statements of fact or other allegations that require an answer, all allegations are denied.**

11.     Divisional venue is proper in the Eastern Division because the events leading to the claim for relief arose in St. Louis County and the claim for relief itself arose in St. Louis County. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

**RESPONSE:  Paragraph 11 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 11 contains statements of fact or other allegations that require an answer, all allegations are denied.**

### Facts
### Policies and Customs

12.     Certain policies of the City of Florissant are embodied in the Code of Ordinances of the City of Florissant and the City of Florissant's Charter.

**RESPONSE:  Paragraph 12 refers to Defendant's Code of Ordinances and Charter, which are writings that speak for themselves.  To the extent that Paragraph 12 contains statements of fact or other allegations that require an answer, all allegations are denied.**

13.     The City of Florissant enacted its ordinances pursuant to § 71.943 of the Revised Statutes of Missouri.

**RESPONSE:  Paragraph 13 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 13 contains statements of fact or other allegations that require an answer, all allegations are denied.**

14.     Section 5.8 of the City of Florissant's Charter mandates that the City of Florissant have a police department that shall have all of the powers conferred by ordinance.

**RESPONSE:  Paragraph 14 refers to Defendant's Charter, which is a writing that speaks for itself.  Defendant admits that it has a duly authorized police department. Defendant denies all remaining allegations in Paragraph 14.**

15.      Section 210.720 of the Code of Ordinances of the City of Florissant, entitled "Obstructing Public Places," states:

A. *Definition.* The following term shall be defined as follows:

**PUBLIC PLACE**
Any place to which the general public has access and a right of resort for business, entertainment or other lawful purpose, but does not necessarily mean a place devoted solely to the uses of the public. It shall also include the front or immediate area of any store, shop, restaurant, tavern or other place of business and also public grounds, areas or parks.

B. It shall be unlawful for any person to stand or remain idle either alone or in consort with others in a public place in such manner so as to:

1.   Obstruct any public street, public highway, public sidewalk or any other public place or building by hindering or impeding or tending to hinder or impede the free and uninterrupted passage of vehicles, traffic or pedestrians;

2.   Commit in or upon any public street, public highway, public sidewalk or any other public place or building any act or thing which is an obstruction or interference to the free and uninterrupted use of property or with any business lawfully conducted by anyone in or upon or facing or fronting on any such public street, public highway, public sidewalk, or any other public place or building, all of which prevents the free and uninterrupted ingress, egress and regress, therein, thereon and thereto;

3.   Obstruct the entrance to any business establishment, without so doing for some lawful purpose, if contrary to the expressed wish of the owner, lessee, managing agent or person in control or charge of the building or premises.

C. When any person causes or commits any of the conditions in this Section, a Police Officer or any Law Enforcement Officer shall order that person to stop causing or committing

such conditions and to move on or disperse. Any person who fails or refuses to obey such orders shall be guilty of a violation of this Section.

**RESPONSE:  Paragraph 15 refers to Defendant's Ordinance § 210.720, which is a writing that speaks for itself.  To the extent that Paragraph 15 contains statements of fact or other allegations that require an answer, all such allegations are denied.  Further answering, Defendant states that the text of § 210.720 that is set forth in this Complaint has been repealed and is no longer in effect. Thus, the allegations related to § 210.720 are moot.**

16.     Section 210.690 of the Code of Ordinances of the City of Florissant, entitled "Unlawful Assembly," provides that "[a] person commits the offense of unlawful assembly if he/she knowingly assembles with six (6) or more other persons and agrees with such persons to violate any of the criminal laws of this State or of the United States with force or violence."

**RESPONSE:  Paragraph 16 refers to Defendant's Ordinance § 210.690, which is a writing that speaks for itself.  To the extent that Paragraph 16 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

17.     Section 210.710 of the Code of Ordinances of the City of Florissant, entitled "Failure to Disperse," declares that "[a] person commits the offense of refusal to disperse if, being present at the scene of an unlawful assembly or at the scene of a riot, he/she knowingly fails or refuses to obey the lawful command of a Law Enforcement Officer to depart from the scene of such unlawful assembly or riot."

**RESPONSE:  Paragraph 17 refers to Defendant's ordinance § 210.710, which is a writing that speaks for itself.  To the extent that Paragraph 17 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

18.     Florissant's police department has a custom or policy of declaring or threatening to declare protests of police misconduct to be unlawful assemblies in the absence of an imminent

threat to use force or violence (other than by police) or a violation of a criminal law with force or violence.

**RESPONSE:  Defendant denies each and every allegation set forth in Paragraph 18.**

19.     Florissant's police department has a custom or policy of arresting or threatening to arrest individuals for failure to disperse from purported unlawful assemblies in the absence of an imminent threat to use force or violence (other than by police) or a violation of a criminal law with force or violence.

**RESPONSE:  Defendant denies each and every allegation set forth in Paragraph 19.**

**Protests**

20.     On May 25, 2020, George Floyd, a citizen of Minneapolis, was murdered by an officer of the Minneapolis Police Department as other officers stood by impotently. His murder was captured on video.

**RESPONSE:  Defendant admits that it is aware of media accounts of the unrelated events regarding an individual identified as George Floyd.  Defendant denies as irrelevant, immaterial, and inflammatory the allegations in Paragraph 20 concerning the unrelated events reported about the death of George Floyd in another jurisdiction, and such allegations should be stricken by the Court as permitted by Rule 12(f)(1).  Paragraph 20 further contains legal conclusions which require no answer from Defendant.  To the extent Paragraph 20 contains factual allegations or other allegations that are relevant to this action, Defendant denies them all.**

21.     The videos depicted Mr. Floyd pinned on the street, face down and increasingly unresponsive, while Derek Chauvin knelt on Mr. Floyd's upper back and neck, two other officers held him down, and another stood by.

**RESPONSE**:  Defendant admits that it is aware of media accounts of the unrelated events regarding an individual identified as George Floyd.  Defendant denies as irrelevant, immaterial, and inflammatory the allegations in Paragraph 21 concerning the unrelated events reported about the death of George Floyd in another jurisdiction, and such allegations should be stricken by the Court as permitted by Rule 12(f)(1).  Paragraph 21 further contains legal conclusions which require no answer from Defendant.  To the extent Paragraph 21 contains factual allegations or other allegations that are relevant to this action, Defendant denies such allegations.

22.     The videos were widely and rapidly disseminated around the world via social media and news media platforms. Mr. Floyd's murder became international breaking news.

**RESPONSE**:  Defendant admits that it is aware of media accounts of the unrelated events regarding an individual identified as George Floyd.  Defendant denies as irrelevant, immaterial, and inflammatory the allegations in Paragraph 22 concerning the unrelated events reported about the death of George Floyd in another jurisdiction, and such allegations should be stricken by the Court as permitted by Rule 12(f)(1).  Paragraph 22 further contains legal conclusions which require no answer from Defendant.  To the extent Paragraph 22 contains factual allegations or other allegations that are relevant to this action, Defendant denies such allegations.

23.     In the following days and nights, protests of the kind of excessive and arbitrary force used against Mr. Floyd and the tendency of officers' failure to intervene in the face of misconduct by colleagues spread across the world.

**RESPONSE**:  Defendant admits that it is aware of media accounts of the unrelated events regarding an individual identified as George Floyd and media accounts of protest

activity transpiring after Mr. Floyd's death.  **Defendant denies as irrelevant, immaterial, and inflammatory the allegations in Paragraph 23 concerning the unrelated events reported about the death of George Floyd in another jurisdiction, and such allegations should be stricken by the Court as permitted by Rule 12(f)(1).  Paragraph 23 further contains legal conclusions which require no answer from Defendant.  To the extent Paragraph 23 contains factual allegations and other allegations that are relevant to this action, Defendant denies such allegations.**

24.     In many cities the message that "Black Lives Matter" was painted on streets, sometimes at the direction of government officials and other times by protesters.

**RESPONSE:  Defendant is aware of media accounts that the message "Black Lives Matter" was being painted on streets in certain cities.  Defendant denies as irrelevant and immaterial the allegations in Paragraph 24 concerning messages painted on streets in other jurisdictions or localities other than City of Florissant, and such allegations should be stricken by the Court as permitted by Rule 12(f)(1).  To the extent Paragraph 24 contains factual allegations or other allegations that are relevant to this action, Defendant denies such allegations.**

25.     Non-violent protests have been conducted through the St. Louis metropolitan area, nearly all without any threat or use of force by various police departments.

**RESPONSE:  Defendant admits that protests have been conducted in the St. Louis metropolitan area at times in the past.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25, and so denies all such allegations.**

26.     On June 2, 2020, as protests continued, Florissant police officer Joshua Smith drove an unmarked police sports utility vehicle into a person he suspected might have committed a crime. Mr. Smith's victim fell to the ground, screaming in pain. Mr. Smith then exited the police vehicle and began hitting and kicking the injured victim. He arrested the victim, claiming the victim had resisted arrest.

**RESPONSE:   Defendant denies as irrelevant, immaterial, and inflammatory the allegations in Paragraph 26 concerning an incident unrelated to this action, and such allegations should be stricken by the Court as permitted by Rule 12(f)(1).   To the extent Paragraph 26 contains factual allegations and other allegations that are relevant to this action, Defendant denies such allegations.**

27.     The other officers in Mr. Smith's vehicle failed to intervene or to report Mr. Smith's conduct.

**RESPONSE:   Defendant denies as irrelevant, immaterial, and inflammatory the allegations in Paragraph 27 concerning an incident unrelated to this action, and such allegations should be stricken by the Court as permitted by Rule 12(f)(1).   To the extent Paragraph 27 contains factual allegations and other allegations that are relevant to this action, Defendant denies such allegations.**

28.     Police reports from the incident falsely claimed that Mr. Smith had swerved to avoid hitting his victim.

**RESPONSE:   Defendant denies as irrelevant, immaterial, and inflammatory the allegations in Paragraph 28 concerning an incident unrelated to this action, and such allegations should be stricken by the Court as permitted by Rule 12(f)(1).   To the extent**

Paragraph 28 contains factual allegations and other allegation that are relevant to this action, Defendant denies such allegations.

29.     Days later two videos of the incident emerged. Those videos showed that Mr. Smith had turned the police vehicle toward the victim and accelerated toward him

**RESPONSE**:  **Defendant denies as irrelevant, immaterial, and inflammatory the allegations in Paragraph 29 concerning an incident unrelated to this action, and such allegations should be stricken by the Court as permitted by Rule 12(f)(1).  To the extent Paragraph 29 contains factual allegations and other allegations that are relevant to this action, Defendant denies such allegations.**

30.     Since the videos have emerged, protesters have repeatedly and regularly gathered in front of Florissant's police department to express their views, which vary by individual but include that Black lives matter, the officers who failed to intervene or report Mr. Smith should be held accountable, and the incident is not an aberration but rather consistent with how police work is conducted by the City of Florissant.

**RESPONSE:  While Defendant admits that certain protests have occurred in front of Florissant's police department, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the implied allegation in Paragraph 30 that protests in 2020 in front of the Florissant police department were caused by the content of any videos, and, therefore, denies each allegation.  Defendant lacks sufficient knowledge or information regarding the truth of the allegation concerning the views of individual protestors to respond, and, therefore, denies such allegations.  All remaining allegations in Paragraph 30 are denied**.

31.     Protesters have at times painted the message "Black Lives Matter" on the street in front of the police department.

**RESPONSE:  Defendants admit that during the protests that occurred in 2020, protesters painted the message "Black Lives Matter" on a state-maintained street in front of the Florissant police department.  All remaining allegations in Paragraph 31 are denied**.

32.     Each time, the City of Florissant has caused or authorized the message to be covered by paint.

**RESPONSE:  Defendant denies the allegations contained in Paragraph 32.**

33.     As protests have occurred, police officers have aggressively confronted non-violent protesters, including by making shows of force, donning riot gear, threatening arrests, using chemical munitions against non-violent protesters without warning, and arbitrarily arresting protesters for purported ordinance violations.

**RESPONSE:  Defendant denies the allegations contained in Paragraph 33.**

34.     The ordinances challenged here— §§ 210.690 (as applied by custom), 210.710 (as applied by custom), and 210.720 (on its face)—cause police officers in Florissant, both officers of the Florissant Police Department and officers from other departments acting in concert with them, to violate the First and Fourteenth Amendment rights of protesters.

**RESPONSE:  Paragraph 34 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 34 contains statements of fact or other allegations that require an answer, all such allegations are denied. To further answer, Defendant states that the ordinances set forth in Paragraph 34 were not enforced during the protests in 2020.**

35.     Enforcement and threatened enforcement of the challenged ordinances has a chilling effect on reasonable protesters.

**RESPONSE:   Paragraph 35 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 35 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

36.     Each of the plaintiffs has repeatedly protested outside of Florissant's police department in June. Plaintiffs Tenney-Howard and Krishnan desire to protest in Florissant in the future.

**RESPONSE:   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36, and, therefore, denies same.**

37.     On multiple occasions over different days in June 2020 and on one day in July 2020, Plaintiff Edwards witnessed police purport to declare an unlawful assembly or unlawful presence despite the absence of persons acting in concert to pose an imminent threat to use force or violence or to violate a criminal law with force or violence. On the evening of June 20, 2020, Plaintiff Edwards had witnessed police threaten to arrest protesters for a purported obstruction of a public place, including in the absence of any obstruction.

**RESPONSE:   Defendant lacks sufficient knowledge or information regarding what Plaintiff Edwards allegedly witnessed and, therefore, denies such allegations.  For further answer, Paragraph 37 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 37 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

38.     On June 27, 2020, Plaintiff Krishnan witnessed police in the process of arresting protesters after police officers purported to declare an unlawful assembly at which there was the absence of persons acting in concert to pose an imminent threat to use force or violence or to violate

a criminal law with force or violence and after it was her reasonable understanding that protesters were given five minutes to disperse.

**RESPONSE:  Defendant lacks sufficient knowledge or information regarding what Plaintiff Krishnan allegedly witnessed and, therefore, denies such allegations.  For further answer, Paragraph 38 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 38 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

39.     On June 27, 2020, Plaintiff Tenney-Howard was arrested after hearing the police announce that the protesters "need to disperse" and that she had five minutes to disperse. She did not hear a declaration of an unlawful assembly. There was the absence of persons acting in concert to pose an imminent threat to use force or violence or to violate a criminal law with force or violence.

**RESPONSE:  Defendant lacks sufficient knowledge or information regarding what Plaintiff Tenney-Howard allegedly witnessed and, therefore, denies such allegations.  For further answer, Paragraph 39 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 39 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

40.     Plaintiffs Edwards and Krishnan reasonably fear they will be arrested despite committing no crime if they return to Florissant to protest and, thus, have refrained from protesting in Florissant as they would otherwise for this reason only.

**RESPONSE:  Paragraph 40 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 40 contains statements of fact or other allegations that require an answer, all such allegations are denied.  Further**

answering, **Defendant lacks sufficient knowledge or information concerning the subjective beliefs and intentions of Plaintiffs Edwards and Krishnan and, therefore, those allegations are denied.**

41.     Plaintiff Tenney-Howard was roughly arrested for purported ordinance violations on June 27 despite having committed no crime and posing no danger. She reasonably believes that returning to Florissant to protest puts her in danger of being further harmed by police officers, but she wants to return to engage in expressive conduct despite that risk.

**RESPONSE:  Defendant denies that Plaintiff Tenney-Howard was roughly arrested for purported ordinance violations on June 27 despite having committed no crime and posing no danger.   Further answering, Defendant lacks sufficient knowledge concerning the subjective beliefs and intentions of Plaintiff Tenney-Howard and, therefore, those allegations are denied.**

**CAUSES OF ACTION**

**COUNT I – Florissant Ordinance § 210.720**
*Violation of the First and Fourteenth Amendments to the U.S. Constitution*
*Claim for Declaratory and Injunctive Relief*

42.     Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

**RESPONSE:  Defendant incorporates its responses set forth above in Paragraphs 1 through 41 as if fully set forth herein.**

43.     Plaintiffs engaged in constitutionally protected expression and assembly when at traditional public fora in Florissant.

**RESPONSE:  Paragraph 43 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 43 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

16

44.     Plaintiffs have been chilled from engaging in constitutionally protected expression and assembly because they reasonably fear citation, arrest, and/or prosecution because of § 210.720.

**RESPONSE:   Paragraph 44 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 44 contains statements of fact or other allegations that require an answer, all such allegations are denied.  Further answering, Defendant lacks sufficient knowledge or information concerning the subjective beliefs and intentions of Plaintiffs and, therefore, c denies those allegations.  For further answer, Defendant states that Section 210.720 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.720, as alleged, in Plaintiffs' Complaint.  Further, § 210.720 has been repealed and replaced and the issues raised concerning § 210.720, as alleged in Plaintiffs' Complaint, are moot.**

45.     Fear of citation, arrest, and/or prosecution under § 210.720 would chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity.

**RESPONSE:  Paragraph 45 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 45 contains statements of fact and other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.720 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.720, as alleged, in Plaintiffs' Complaint.  Further, § 210.720 has been repealed and replaced and the issues raised concerning § 210.720, as alleged in Plaintiffs' Complaint, are moot.**

46.     Section 210.720 directly infringes upon Plaintiffs' Free Speech and Free Assembly rights under the First Amendment to the Constitution, incorporated through the Fourteenth Amendment, because, on its face and as applied, it burdens substantially more speech than is necessary to achieve the City's legitimate interest in ensuring the safety and traversability of sidewalks and streets.

**RESPONSE:   Paragraph 46 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 46 contains statements of fact or other allegations that require an answer, all such allegation are denied.  For further answer, Defendant states that § 210.720 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.720, as alleged, in Plaintiffs' Complaint.  Further, § 210.720 has been repealed and replaced and the issues raised concerning § 210.720, as alleged in Plaintiffs' Complaint, are moot.**

47.     Section 210.720 is neither narrowly tailored nor the least restrictive means to achieve any sufficiently strong government interest, and it does not leave open ample alternative channels for Plaintiffs to communicate.

**RESPONSE:   Paragraph 47 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 47 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.720 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.720, as alleged, in Plaintiffs' Complaint.  Further, § 210.720**

has been repealed and replaced and the issues raised concerning § 210.720, as alleged in Plaintiffs' Complaint, are moot.

48.     Section 210.720 burdens more speech than is necessary because it applies when there is no actual obstruction of sidewalks or streets.

**RESPONSE:  Paragraph 48 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 48 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.720 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.720, as alleged, in Plaintiffs' Complaint.  Further, § 210.720 has been repealed and replaced and the issues raised concerning § 210.720, as alleged in Plaintiffs' Complaint, are moot.**

**Defendant denies that Plaintiffs are entitled to any relief against Defendant, including, but not limited to, the relief requested in the unnumbered wherefore clause following Count I of the Complaint.**

### COUNT II – Florissant Ordinance § 210.720
*Violation of the Due Process Clause of the Fourteenth Amendment*
*Claim for Declaratory and Injunctive Relief*

49.     Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

**RESPONSE:  Defendant incorporates its responses set forth above in Paragraphs 1 through 48 as if fully set forth herein.**

50.     If an ordinance fails to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits, such law is void-for-vagueness in violation of the Due Process Clause.

**RESPONSE**:  **Paragraph 50 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 50 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

51.    The Due Process Clause requires that the legislature establish minimal guidelines to govern law enforcement in a manner that does not encourage arbitrary and discriminatory enforcement.

**RESPONSE**:  **Paragraph 51 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 51 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

52.    Section 210.720 violates the Due Process Clause because it does not include any guidelines to govern law enforcement.

**RESPONSE**:  **Paragraph 52 refers to a written ordinance, the contents of which speak for themselves.  Paragraph 52 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 52 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that Section 210.720 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of Section 210.720, as alleged, in Plaintiffs' Complaint.  Further, Section 210.720 has been repealed and replaced and the issues raised concerning § 210.720, as alleged in Plaintiffs' Complaint, are moot.**

53.    Section 210.720 does not include a *mens rea* requirement.

**RESPONSE**:  **Paragraph 53 refers to a written ordinance, the contents of which speak for themselves.  Paragraph 53 contains legal statements and conclusions that do not require**

an answer from Defendant.  To the extent that Paragraph 53 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.720 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.720, as alleged, in Plaintiffs' Complaint.  Further, § 210.720 has been repealed and replaced and the issues raised concerning § 210.720, as alleged in Plaintiffs' Complaint, are moot.

54.     Section 210.720 contains the phrase "tending to hinder or impede." This language fails to provide notice to individuals as to what conduct is prohibited by the Ordinance because it is not clear how someone might "tend[] to hinder or impede."

**RESPONSE:  Paragraph 54 refers to a written ordinance, the contents of which speak for themselves.  Paragraph 54 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that the Paragraph 54 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.720 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.720, as alleged, in Plaintiffs' Complaint.  Further, § 210.720 has been repealed and replaced and the issues raised concerning § 210.720, as alleged in Plaintiffs' Complaint, are moot.**

55.     Section 210.720 fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited and authorizes and encourages arbitrary and discriminatory enforcement.

**RESPONSE**:  Paragraph 55 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 55 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.720 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.720, as alleged, in Plaintiffs' Complaint.  Further, § 210.720 has been repealed and replaced and the issues raised concerning § 210.720, as alleged in Plaintiffs' Complaint, are moot.

Defendant denies that Plaintiffs are entitled to any relief against Defendant, including, but not limited to, the relief requested in the unnumbered wherefore clause following Count II of the Complaint.

**COUNT III – Florissant Ordinance § 210.690**
*Violation of the First and Fourteenth Amendments to the U.S. Constitution*
*Claim for Declaratory and Injunctive Relief*

56.      Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

**RESPONSE**:  Defendant incorporates its responses to Paragraphs 1 through 55 set forth above as if fully set forth herein.

57.      Plaintiffs engaged in constitutionally protected expression and assembly when at traditional public fora in Florissant.

**RESPONSE**:  Paragraph 57 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 57 contains statements of fact or other allegations that require an answer, all such allegations are denied.

58.     Plaintiffs have been chilled from engaging in constitutionally protected expression and assembly because they reasonably fear citation, arrest, and/or prosecution because of § 210.690.

**RESPONSE:   Paragraph 58 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 58 contains statements of fact or other allegations that require an answer, all such allegation are denied.   Further answering, Defendant lacks sufficient knowledge or information concerning the subjective beliefs and intentions of Plaintiffs and, therefore, denies those allegations.   For further answer, Defendant states that § 210.690 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.690.**

59.     Fear of citation, arrest, and/or prosecution under § 210.690 would chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity.

**RESPONSE:   Paragraph 59 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 59 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.690 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.690.**

60.     The custom of permitting police officers to declare unlawful assemblies (Arbitrary Declarations Custom) under Section 210.690 in the absence of force or violence directly infringes upon Plaintiffs' Free Speech and Free Assembly rights under the First Amendment to the

Constitution, incorporated through the Fourteenth Amendment, because it unlawfully suppresses speech in an arbitrary manner, including when the ordinance is inapplicable.

**RESPONSE**:  **Paragraph 60 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 60 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.690 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.690.**

61.    The use of the Arbitrary Declarations Custom under Section 210.690 in an arbitrary manner burdens speech and assembly because it is applied when there is an absence of an agreement to violate a criminal law with force or violence (other than by police) or a violation of a criminal law with force or violence.

**RESPONSE**:  **Paragraph 61 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 61 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.690 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.690.**

**Defendant denies that Plaintiffs are entitled to any relief against Defendant, including, but not limited to, the relief requested in the unnumbered wherefore clause following Count III of the Complaint.**

**COUNT IV – Florissant Ordinance § 210.690**
*Violation of the Due Process Clause of Fourteenth Amendment to the U.S. Constitution*
*Claim for Declaratory and InjunSctive Relief*

62.　Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

**RESPONSE:  Defendant incorporates its responses to Paragraphs 1 through 61 set forth above as if fully set forth herein.**

63.　If a policy or custom fails to provide people fair notice as to when actions are likely to become unlawful, such policy or custom is unconstitutionally vague in violation of the Due Process Clause.

**RESPONSE:  Paragraph 63 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 63 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.690 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.690.**

64.　If a policy or custom entrusts lawmaking to the momentary judgment of a police officer such policy or custom is unconstitutionally vague in violation of the Due Process Clause.

**RESPONSE:  Paragraph 64 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 64 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.690 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.690.**

65.    The Arbitrary Declarations Custom under Section 210.690 involves police officers declaring an unlawful assembly even when there is no agreement to violate a criminal law with force or violence (other than by police) or a violation of a criminal law with force or violence.

**RESPONSE:  Paragraph 65 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 65 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.690 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.690.**

66.    The Arbitrary Declarations Custom under Section 210.690 violates the Due Process Clause because it does not provide fair notice to people of what conduct is unlawful and permits officers to make arbitrary declarations of unlawful assembly.

**RESPONSE:  Paragraph 66 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 66 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.690 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.690.**

67.    The Arbitrary Declarations Custom under Section 210.690 fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited and authorizes and encourages arbitrary and discriminatory enforcement.

**RESPONSE:  Paragraph 67contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 67 contains statements of**

fact or other allegations that require an answer, all such allegations are denied. **For further answer, Defendant states that § 210.690 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.690.**

**Defendant denies that Plaintiffs are entitled to any relief against Defendant, including, but not limited to, the relief requested in the unnumbered wherefore clause following Count IV of the Complaint.**

### COUNT V – Florissant Ordinance § 210.710
*Violation of the First and Fourteenth Amendments to the U.S. Constitution*
*Claim for Declaratory and Injunctive Relief*

68.     Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

**RESPONSE:  Defendant incorporates its responses in Paragraphs 1 through 67 set forth above as if fully set forth herein.**

69.     Plaintiffs engaged in constitutionally protected assembly and expression when at traditional public fora in Florissant.

**RESPONSE:  Paragraph 69 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 69 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

70.     Plaintiffs have been chilled from engaging in constitutionally protected assembly and expression because they reasonably fear citation, arrest, and/or prosecution because of §210.710.

**RESPONSE:  Paragraph 70 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 70 contains statements of fact or other allegations that require an answer, all such allegations are denied.  Further**

**answering, Defendant lacks sufficient knowledge concerning the subjective beliefs and intentions of Plaintiffs and, therefore, denies those allegations. For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.**

71.     Fear of citation, arrest, and/or prosecution under § 210.710 would chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity.

**RESPONSE:   Paragraph 71 contains legal statements and conclusions that do not require an answer from Defendant.   To the extent that Paragraph 71 contains statements of fact or other allegations that require an answer, all such allegations are denied.   For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.**

72.     The custom of enforcing Unlawful Dispersal Commands under Section 210.710 due to the absence of force or violence directly infringes upon Plaintiffs' Free Speech rights under the First Amendment to the Constitution, incorporated through the Fourteenth Amendment, because it unlawfully stifles assembly and speech in a discretionary manner, including when the ordinance is inapplicable.

**RESPONSE:   Paragraph 72 contains legal statements and conclusions that do not require an answer from Defendant.   To the extent that Paragraph 72 contains statements of fact or other allegations that require an answer, all such allegations are denied.   For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody**

during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.

73.    The custom of enforcing Unlawful Dispersal Commands under Section 210.710 burdens assembly and speech because it is applied in a discretionary manner, including when there is absence of an agreement to violate a criminal law with force or violence, which is an integral part of the offense of unlawful assembly (referenced in §210.690) as stated in § 210.710.

**RESPONSE:  Paragraph 73 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 73 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.**

74.    The custom of enforcing Unlawful Dispersal Commands under Section 210.710 burdens assembly and speech because it is applied in a discretionary manner, including when there is absence of an agreement to violate a criminal law with force or violence (other than by police) or a violation of a criminal law with force or violence, which is an integral part of the offense of riot (referenced in §210.710) as stated in § 210.700.

**RESPONSE:  Paragraph 74 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 74 contains statements of fact or other allegations that require an answer, all such allegations are denied.  For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.**

Defendant denies that Plaintiffs are entitled to any relief against Defendant, including, but not limited to, the relief requested in the unnumbered wherefore clause following Count V of the Complaint.

**COUNT VI – Florissant Ordinance § 210.710**
*Violation of the Due Process Clause of Fourteenth Amendment to the U.S. Constitution*
*Claim for Declaratory and Injunctive Relief*

75.     Plaintiffs incorporate the allegations set forth above as if set forth herein verbatim.

**RESPONSE:  Defendant incorporates its responses in Paragraphs 1 through 74 set forth above as if fully set forth herein.**

76.     The policy or custom of enforcing Unlawful Dispersal Commands, when the conditions required by §210.710 are not present is unconstitutionally vague in violation of the Due Process Clause.

**RESPONSE:  Paragraph 76 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 76 contains statements of fact or other allegations that require an answer, all such allegations are denied For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.**

77.     The policy or custom must have a "greater degree of specificity" than normally required because it is applied to individuals engaged in expressive activity protected by the First Amendment.

**RESPONSE:  Paragraph 77 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 77 contains statements of fact or other allegations that require an answer, all such allegations are denied.**

78.     The policy or custom of enforcing Unlawful Dispersal Commands under Section 210.710 fails to provide people with sufficient notice as to what is permissible.

**RESPONSE:   Paragraph 78 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 78 contains statements of fact or other allegations that require an answer, all such allegations are denied For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.**

79.     If a policy or custom entrusts lawmaking to the momentary judgment of a police officer such policy or custom is unconstitutionally vague in violation of the Due Process Clause.

**RESPONSE:   Paragraph 79 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 79 contains statements of fact or other allegations that require an answer, they are all denied.  For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.**

80.     The policy or custom of enforcing Unlawful Dispersal Commands subjects Plaintiffs to arbitrary arrest under Section 210.710.

**RESPONSE:   Paragraph 80 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 80 contains statements of fact or other allegations that require an answer, they are all denied.  For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody during the**

2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.

81.     The policy or custom of enforcing Unlawful Dispersal Commands under Section 210.710 violates the Due Process Clause because it is applied when the conditions of the ordinance are not present as it is not limited to situations an agreement to violate a criminal law with force or violence (other than by police) or a violation of a criminal law with force or violence, which is an integral part of Section 210.710, does not provides sufficient notice as to what conduct is permissible, and subjects individuals to arbitrary arrest.

**RESPONSE:  Paragraph 81 contains legal statements and conclusions that do not require an answer from Defendant.  To the extent that Paragraph 81 contains statements of fact or other allegations that require an answer, they are all denied.  For further answer, Defendant states that § 210.710 was not the basis for taking anyone into custody during the 2020 protests, and no one was arrested, charged or prosecuted during such protests for a violation of § 210.710.**

**Defendant denies that Plaintiffs are entitled to any relief against Defendant, including, but not limited to, the relief requested in the unnumbered wherefore clause following Count VI of the Complaint.**

\*     \*     \*

**Defendant denies each alleged violation of law by Defendant and also denies each and every allegation that is not specifically answered otherwise.**

### AFFIRMATIVE AND OTHER DEFENSES

Defendant alleges the following affirmative and additional defenses to Plaintiffs' Complaint, without assuming the burden of proof where such burden is otherwise on the Plaintiffs

pursuant to applicable law and without conceding that Plaintiffs are entitled to recover on any of their claims. By raising the defenses herein and alleging facts in support thereof, Defendant does not assume the burden of proof as to any issues or facts that fall within the scope of Plaintiffs' claims, nor does Defendant concede that, by pleading issues or facts herein, that such issues and facts are relevant exclusively to affirmative defenses. Such issues and facts may also serve to negate the elements of Plaintiffs' claims on which Plaintiffs bear the burden of proof.

1.    Defendant hereby incorporates by reference, adopts, and asserts all defenses and responses set forth in its Answer to the Complaint above.

2.    The allegations and claims for relief set forth in Counts I and II of the Complaint, as to § 210.720, are moot because § 210.720 in the form referenced in the Complaint was repealed and replaced by a new ordinance that removes the phrase "tending to hinder or impede" and requires a "knowing" violation.

3.    The Ordinances on their respective faces were and are each a valid exercise of Defendant's police power, are not substantially overbroad, or vague in their requirements, their effect on speech, if any, was and is no greater than necessary to advance the City's legitimate interest in protecting public health and safety, and in protecting against unlawful obstruction of public places, unlawful assembly, and failure to disburse upon lawful command to avoid unlawful assemblies or riots.

4.    The Ordinances on their respective faces did not or do not substantially burden expression and each leaves open ample alternatives and channels for expression and communication as required to qualify as permissible time, place or manner restrictions and were and are content neutral and serve purposes wholly unrelated to the content of expression.

5.      The Ordinances are or were narrowly tailored to serve a significant and substantial governmental interest that would not have been or would not be achieved as effectively absent the Ordinances, and, as a result, did not and do not violate the First Amendment, Fourteenth Amendment or any other Constitutional provision.

6.      The facts alleged by Plaintiffs do not show that any of the Ordinances were actually applied to them so as to support an "as applied" constitutional challenge, since neither they (nor anyone else) were taken into custody during the 2020 protests pursuant to any of the Ordinances, nor were they (nor anyone else) arrested, charged or prosecuted during such protests for violating the Ordinances, and, as a result, Plaintiffs lack standing to raise such challenges and are otherwise precluded from pursuing such challenges.

7.      The Ordinances were not and are not void for vagueness because they were defined with sufficient definiteness that ordinary people could and can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

8.      The Ordinances are or were valid because they provided and provide Plaintiffs and all other individuals with fair notice of the conduct that was or is forbidden or required.

9.      The Ordinances are or were valid because the law is clearly established that a law or ordinance is not void for vagueness simply because it requires law enforcement to exercise some degree of judgment.

10.     The Ordinances are or were valid because they contained sufficient criteria or standards to inform a police officer when the authority to arrest for a violation thereunder was properly exercised, could not be construed and applied to authorize an arrest absent an actual violation, and contained sufficient mens rea requirements.

11.      Plaintiffs' claims for injunctive relief are deficient, *inter alia*, to the extent they claim irreparable harm or claim that they will succeed on the merits based on Ordinances that are no longer effective or that have not been actually applied to them.

12.      The Ordinances are or were valid because they constituted valid exercises of the City's legitimate and lawful interest in protecting public health and safety, and in protecting against unlawful obstruction of public places, unlawful assembly, and failure to disburse upon lawful command to avoid unlawful assemblies or riots.

13.      Plaintiffs' claims predicated on 42 U.S.C. Section 1983 are barred because the City cannot be held liable in the absence of Plaintiffs demonstrating an underlying constitutional violation by the arresting officers and/or based on "as applied" challenges where those Ordinances were not applied to them by any particular police officer employed by the City such that they (or anyone else) were arrested, charged or prosecuted during such protests for violating the Ordinances.

## <u>RESERVATION</u>

Defendant reserves the right to amend or supplement its Affirmative and Other Defenses as appropriate.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendant prays that this Court dismiss the Complaint with prejudice, order that Plaintiffs take nothing on their claims against Defendant, award Defendant its fees and costs incurred herein, and grant such other and further relief to Defendant as the Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS RICE LLC**

Dated:  September 29, 2020  By: */s/* John M. Hessel
           John M. Hessel, #26408MO
           Ronald A. Norwood, #33841MO
           Evan Z. Reid, #51123MO

           600 Washington Avenue, Ste. 2500
           St. Louis, Missouri 63101
           Tel: (314) 444-7729
           Fax: (314) 612-7729
           jhessel@lewisrice.com
           rnorwood@lewisrice.com
           ereid@lewisrice.com

           *Attorneys for Defendant City of*
           *Florissant, Missouri*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 29th day of September, 2020, on the counsel of record listed below.

Lisa S. Hoppenjans
**FIRST AMENDMENT CLINIC**
**WASHINGTON UNIVERSITY IN ST. LOUIS**
**SCHOOL OF LAW**
Campus Box 1120
One Brookings Drive
St. Louis, Missouri 63130
E-Mail:  *lhoppenjans@wustl.edu*
*Attorney for Plaintiffs*

Gillian R. Wilcox, #61278(MO)
**ACLU OF MISSOURI FOUNDATION**
406 West 34th Street, Ste. 420
Kansas City, Missouri 64111
E-Mail:  *gwilcox@aclu-mo.org*
*Attorney for Plaintiffs*

Anthony E. Rothert
**ACLU OF MISSOURI FOUNDATION**
906 Olive Street
Suite 1130
St. Louis, Missouri 63101
E-Mail:  *arothert@aclu-mo.org*
*Attorney for Plaintiffs*

       By:  */s/*   John M. Hessel